# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CHARLES M. MURRELL III,

        Plaintiff,

    v.

PATRIOT FRONT, THOMAS ROUSSEAU, AND JOHN DOES 1-99,

        Defendants.

Civil No. 1:23-cv-11802

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
***EX PARTE* (not under seal) MOTION FOR LEAVE TO SERVE EARLY DISCOVERY**

FH11570290.7

**INTRODUCTION**

Through this lawsuit, Plaintiff Charles Murrell seeks to hold accountable Patriot Front—an unincorporated association whose express purpose is to bring about a white ethnostate—and the individual Patriot Front members (John Does 1-99) who violently attacked him as part of a coordinated, racially motivated effort on July 2, 2022.  With one exception, however, Mr. Murrell does not know the identities of those who injured him.[1]  That is because the individuals who came to Boston on July 2, 2022—armed with shields that they had specifically trained to use to commit the very type of racially motivated violence they ultimately deployed against Mr. Murrell—wore "cloth coverings, sunglasses, and baseball hats to hide their faces."  Complaint, Doc. No. 1 at 28 ¶ 102.

That Patriot Front's members disguised themselves from public view was no accident.  As members of Patriot Front alleged in another lawsuit they recently filed in the Western District of Washington, Patriot Front members attempt to hide from the public their affiliation with the organization because they know that membership could negatively impact their jobs and reputations—things that are obviously jeopardized when it is revealed that an individual is a member of a violent white supremacist organization.  *See Gancarz v. Capito*, Complaint ¶ 3, ECF No. 1, No. 2:23-cv-1113 (W.D. Wash.) (alleging that "Patriot Front's mission . . . ha[s] aroused the antagonism of many persons and organizations," resulting in consequences such as "loss[ ] of vocation" for Patriot Front members).

---

[1] As alleged in the Complaint, "[u]nlike most of his confederates," Defendant Thomas Rousseau—Patriot Front's leader and founder—"did not cover his face."  Complaint, Doc. No. 1 at 4 ¶ 11.  Mr. Murrell was therefore able to identify Mr. Rousseau as a Defendant by name in his Complaint.

- 1 -

Patriot Front as an organization is similarly tight lipped. While Patriot Front operates a website and multiple social media accounts, none of those public-facing materials identify Patriot Front's officers, address, or other information that is necessary to serve the Complaint upon this unincorporated association. Thus, while Patriot Front relishes engaging in racially motivated violence and routinely promotes such violence on its social media pages, *see* Complaint, Doc. No. 1 at 18-21 ¶¶ 64-72—including the attack on Mr. Murrell that is at issue in this lawsuit, *id.* at 38 ¶ 120—both it and its members simultaneously seek to ensure that victims of their actions lack even the basic information necessary to initiate proceedings to vindicate their rights.

Those stonewalling tactics have left Mr. Murrell with no choice but to seek leave from this Court to serve two narrow categories of discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure in order to proceed with his lawsuit. *First*, Mr. Murrell seeks leave to serve narrowly targeted document subpoenas pursuant to Rule 45 on the Internet Service Providers who service Patriot Front's website and social media accounts. The subpoenas would seek only the subscriber information provided by Patriot Front—specifically, names, addresses, and contact information associated with Patriot Front's accounts—which will in turn allow Mr. Murrell to complete service of process of the Complaint on Patriot Front as an unincorporated association per Rule 4(h).

*Second*, Mr. Murrell seeks leave to serve narrowly targeted document subpoenas pursuant to Rule 45 on the individuals who have either publicly admitted to being members of or affiliated

with Patriot Front (in their complaint in the *Gancarz v. Capito* case)[2] or who have been identified by journalists as having been involved in Patriot Front's July 2, 2022 March in Boston. Those individuals are as follows:

- Paul Gancarz – named plaintiff in *Gancarz v. Capito*;

- Daniel Turetchi – named plaintiff in *Gancarz v. Capito*;

- Colton Brown – named plaintiff in *Gancarz v. Capito*; also identified by journalists from the *Boston Globe* as having attended the July 2, 2022 march following review of body camera footage obtained from the Massachusetts State Police[3];

- James Johnson – named plaintiff in *Gancarz v. Capito*;

- Ameila Johnson – named plaintiff in *Gancarz v. Capito*;

- Brian Harwood – identified by journalists from the *Boston Globe* as having attended the July 2, 2022 march following review of body camera footage obtained from the Massachusetts State Police

- Garrett J. Garland – identified by journalists from the *Boston Globe* as having attended the July 2, 2022 march following review of body camera footage obtained from the Massachusetts State Police; and

- Keith Ray – identified by journalists from the *Boston Globe* as having attended the July 2, 2022 march following review of body camera footage obtained from the Massachusetts State Police.

As admitted and/or publicly identified members of Patriot Front, Mr. Murrell submits that these individuals are likely to have the limited information sought by Mr. Murrell at this stage necessary to move this litigation forward: the identities of the Patriot Front members who

---

[2] In their complaint in the *Gancarz v. Capito* action, the named plaintiffs allege that they are each "members of, or have affiliation with, an organization called Patriot Front." *Gancarz v. Capito*, Complaint ¶ 2, ECF No. 1, No. 2:23-cv-1113 (W.D. Wash.).

[3] *See* Laura Crimaldi, *Body Camera Footage Shows State Police Stop of U-Haul from Patriot Front Demonstration in Boston*, The Boston Globe, *available at* https://www.boston.com/news/the-boston-globe/2023/08/01/body-camera-footage-shows-state-police-stop-of-u-haul-from-patriot-front-demonstration-in-boston/ (last accessed Sept. 26, 2023).

marched in Boston on July 2, 2022, the identities of the specific individuals who attacked Mr. Murrell on that date, and the addresses and contact information necessary to substitute those individuals for some or all of the John Doe defendants and serve them with the Complaint.

## ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure "allows a party to seek discovery before a Rule 26(f) conference 'by court order.'" *E.g.*, *Strike 3 Holdings, Inc. v. Doe*, 621 F. Supp. 3d 145, 149 (D. Mass. 2022) (quoting Fed. R. Civ. P. 26(d)(1)).  When considering a request for Rule 26(d) discovery, courts apply two different tests. *Id.*  Some "[c]ourts in this district and elsewhere require a showing of 'good cause' to order Rule 26(d) discovery." *Id.* (collecting cases); *see also, e.g.*, *Patrick Collins, Inc. v. Doe*, 286 F.R.D. 160, 163 (D. Mass. 2012) ("In order for a party to obtain expedited discovery before the Rule 26(f) Conference, it must show good cause.").  "Other courts adhere to the relevance and proportionality standard in Fed. R. Civ. P. 26(b)(1) applicable after the 2015 amendments to that rule." *Strike 3 Holdings*, 621 F. Supp. 3d at 149 (collecting cases).

This Motion—which seeks leave to serve targeted discovery aimed at identifying the information necessary to initiate this litigation against yet-anonymous defendants and the Patriot Front entity—easily satisfies either standard.

### A. Good Cause Supports Mr. Murrell's Request For Early Discovery Aimed At Identifying The Defendants So As To Initiate This Suit Against Them.

To show "good cause" permitting Rule 26(d) discovery, courts consider the following factors: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's

expectation of privacy." *Strike 3 Holdings*, 621 F. Supp. 3d at 149 (quoting *Sony Music Entm't Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

All five factors weigh in favor of granting Mr. Murrell's Motion. Indeed, this is the precise circumstance that courts routinely hold amounts to "good cause" justifying Rule 26(d) discovery. *See, e.g.*, *Patrick Collins, Inc.*, 286 F.R.D. at 163 (finding "that good cause supports early proper discovery under Rule 26(d) (largely for reasons explained by other judges in similar cases) for the sole and limited purpose of identifying the Doe defendants sufficiently to name them as defendants and to serve the Complaint upon them"); *Media Prods. v. Doe*, 2013 U.S. Dist. LEXIS 35437, at *16-17 (D. Mass. Feb. 15, 2013) (same).

                1.      *Mr. Murrell Alleges Prima Facie Claims Of Actionable Harm.*

First, Mr. Murrell's Complaint plainly alleges prima facie causes of action under, among other statutes, the Ku Klux Klan Act (42 U.S.C. § 1985(3)). A Section 1985(3) claim has four elements: (1) "a conspiracy"; (2) "a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws" that is rooted in "some racial, or perhaps otherwise class-based, invidiously discriminated animus"; (3) "an overt act in furtherance of the conspiracy"; and (4) "injury to person or property, or deprivation of a constitutionally protected right." *Perez-Sanchez v. Public Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008).

That is what Mr. Murrell alleges here. The Complaint details how Defendants Patriot Front (by and through its members), its leader, Thomas Rousseau, and John Does 1-99 conspired to engage in obstruction, intimidation, and violence against anyone who disagreed with their white supremacist agenda in Boston's public streets on July 2, 2022. Complaint, Doc. No. 1 at 26-38 ¶¶ 96-100, 116, 122. The Defendants then took overt actions in furtherance of that racist conspiracy, including by blocking Mr. Murrell from traveling along a public thoroughfare and

then violently attacking him with their shields, fists, and feet. *Id.* at 32-39 ¶¶ 107-114, 123-26. Those actions caused substantial physical and emotional harm to Mr. Murrell, as the Complaint details. *Id.* at 36-39 ¶¶ 117-20, 128.

Crediting those allegations as true (as is required at this stage), Mr. Murrell's Complaint plainly states a cause of action under Section 1985(3). Indeed, the allegations laid out in Mr. Murrell's Complaint are strikingly similar to those deemed sufficient to allege a prima facie Section 1985(3) claim by the U.S. Supreme Court and other federal courts. *See Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971) (complaint stated a viable Section 1985(3) claim where, as here, it alleged "with particulars, that the respondents conspired to carry out [an] assault" on African-Americans traveling on public thoroughfares, that respondents did so in order to "deprive the petitioners of the equal enjoyment of legal rights because of their race," that respondents acted in furtherance of their conspiracy when they committed detention, threats, and battery, and that petitioner suffered "personal injury resulting from those acts"); *Sines v. Kessler*, 324 F. Supp. 3d 765, 773 (W.D. Va. 2018) (holding that plaintiffs harmed by white supremacist groups in Charlottsville, Virginia "plausibly alleged the Defendants formed a conspiracy to commit the racial violence that led to the Plaintiffs' varied injuries" and therefore that their Section 1985(3) claims survived a motion to dismiss).

        2.    *Mr. Murrell's Requested Discovery Is Sufficiently Specific.*

The limited discovery sought by Mr. Murrell at this stage of the case—the identifying information for Patriot Front and the John Doe defendants necessary to effectuate service upon them—is also sufficiently specific. Discovery requests aimed at learning the "name and address of [a] subscriber associated with [an] IP address" so as to "make possible service upon [a] defendant" have been deemed sufficiently specific for Rule 26(d) purposes. *See, e.g.*, *Strike 3*

*Holdings*, 621 F. Supp. at 150 (quoting *Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 55408, at *2 (S.D.N.Y. Apr. 26, 2016) and collecting similar cases). So have discovery requests aimed at learning the identity of and serving a John Doe defendant. *See id.*; *see also Patrick Collins, Inc.*, 286 F.R.D. at 163 (agreeing that discovery aimed at "identifying the Doe defendants sufficiently to name them as defendants and to serve the Complaint upon them" satisfied Rule 26(d)).

Learning the information necessary to identify, name, and serve defendants in this lawsuit is precisely what Mr. Murrell's proposed discovery seeks to accomplish here. His proposed discovery to Patriot Front's social media providers seeks to identify addresses and contact information affiliated with that group so that he can serve the summons and Complaint on Patriot Front—an unincorporated association without a registered agent for service of process—under Rule 4(h). And his proposed discovery to known Patriot Front members seeks to identify the names, addresses, and contact information of those Patriot Front members who acted in furtherance of their conspiracy to violate Mr. Murrell's constitutional rights in Boston on July 2, 2022. Thus, as with the proposed discovery at issue in *Strike 3 Holdings* and other cases, Mr. Murrell's proposed discovery is sufficiently specific.

        3.      *Mr. Murrell Has No Alternative For Obtaining This Information.*

The third *Sony* factor—"the absence of alternative means to obtain the subpoenaed information"—also weighs in favor of granting Rule 26(d) discovery. As detailed in the Complaint, while marching in Boston on July 2, 2022, the vast majority of Patriot Front's members covered their faces with white balaclavas. Complaint, Doc. No. 1 at 25 ¶ 91. It appears that those individuals did so specifically to obscure their identities from the public. *See, e.g.*, *Gancarz v. Capito*, Complaint ¶ 3, ECF No. 1, No. 2:23-cv-1113 (W.D. Wash.).

Because of this effort to hide the identities of Patriot Front's members, Mr. Murrell presently has no other means of identifying those who attacked him on July 2, 2022 absent discovery. That is the exact circumstance that warrants Rule 26(d) discovery. *See, e.g.*, *Strike 3 Holdings*, 621 F. Supp. 3d at 150 (third factor weighed decidedly in favor of Rule 26(d) discovery when "only realistic means for [plaintiff] to learn John Doe's identity" and addresses was through subpoena, and collecting cases holding similarly); *Patrick Collins, Inc.*, 286 F.R.D. at 163 (good cause for early discovery satisfied "because the Plaintiff has no other means of determining the identity of its defendants").

    4.   *Mr. Murrell Needs The Requested Information To Advance His Claims.*

The fourth *Sony* factor is satisfied for largely the same reasons. "Without names and addresses, the plaintiffs cannot serve process, and the litigation can never progress." *Strike Holdings 3*, 621 F. Supp. at 150 (quoting *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 179 (D. Mass. 2008). Therefore, Mr. Murrell has a "central need" for the information requested. *London-Sire Records*, 542 F. Supp. 2d at 179.

    5.   *Any Expectation Of Privacy Held By Defendants Is No Barrier To Mr. Murrell's Requested Discovery.*

Finally, to the extent that Defendants enjoy any reasonable expectation of privacy at all in their names, addresses, and contact information—and Mr. Murrell vigorously disputes any such claim given the nature of this lawsuit—that expectation does not preclude Mr. Murrell's requested discovery.

For one thing, the John Doe defendants—each of whom has been credibly accused of engaging in racially motivated violence—cannot seriously claim that there is any justification for maintaining anonymity in this case. That is true even if the John Doe defendants may face embarrassment or other reputational repercussions from Mr. Murrell's allegations. Indeed, "it is

the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Strike 3 Holdings, LLC v. Doe*, 2022 U.S. Dist. LEXIS 111135, at *6 (E.D. Pa. June 22, 2022) (internal quotation marks and alteration omitted) (noting that "[p]otential embarrassment is not enough" to warrant anonymity). Nor can the Patriot Front entity claim that it has a legitimate expectation of privacy with respect to any information shared with its social media providers. *See, e.g.*, *United States v. Morel*, 2017 U.S. Dist. LEXIS 98220, at *3-4 (D.N.H. June 26, 2017) ("Because individuals routinely share [Internet subscriber information] with others in the process of using the internet, they cannot reasonably expect it to remain private.").

In any event, to the extent this Court has any concerns regarding any defendant's expectations of privacy, they can be addressed through a protective order or similar restrictions. *See, e.g.*, *Strike 3 Holdings*, 621 F. Supp. 3d at (concluding that "[a]llowing the early discovery subject to procedural limitations in a notice accompanying the subpoena … will sufficiently protect John Doe's privacy").

### B. Mr. Murrell's Proposed Early Discovery Is Relevant To His Claims And Proportional To The Needs Of The Case.

Mr. Murrell's requested early limited discovery also complies with the alternative test employed by courts in this Circuit, which looks to the requirements of Rule 26(b)(1). That rule "limits discovery to matters that are relevant to a 'party's claim . . . and proportional to the needs of the case, considering' various factors listed in the rule." *Strike 3 Holdings*, 621 F. Supp. 3d at 151 (quoting Fed. R. Civ. P. 26(b)(1)).

The information Mr. Murrell seeks is undoubtedly relevant to his claims; indeed, "the case cannot proceed without it." *Id.* And given that Mr. Murrell (1) has tailored his requests to seek only the information necessary to learn the identifying information for both the John Doe

- 9 -

Defendants and Patriot Front necessary for effectuating service and (2) otherwise lacks access to this information, his requests are proportional to the needs of the case. As in other cases cited above, "[t]he Rule 26(b)(1) standard therefore yields the same result as the good cause standard employing the *Sony Music* factors, namely, allowing" Mr. Murrell to serve his targeted discovery.  *See id.*

## CONCLUSION

For the foregoing reasons, Mr. Murrell requests that the Court grant this Motion.

Dated:  October 17, 2023

Respectfully Submitted,

CHARLES M. MURRELL III

By his attorneys,

/s/  *Anthony Mirenda*
Anthony Mirenda (BBO No. 550587)
Allen M. Thigpen (BBO No. 707799)
Caroline Holliday (BBO No. 707301)
FOLEY HOAG LLP
155 Seaport Blvd., Suite 1600
Boston, Massachusetts 02210-2600
Tel:  617-832-1000
Fax: 617-832-7000
ADM@foleyhoag.com
athigpen@foleyhoag.com
cholliday@foleyhoag.com

James M. Gross (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel:  212-812-0400
Fax:  212-812-0399
jgross@foleyhoag.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of October, 2023, a true and accurate copy of the foregoing was electronically filed using the CM/ECF system. To the extent necessary, and once Plaintiff has identified Defendants that can be served with the Summons and Complaint, Plaintiff will serve this Memorandum in accordance with this Court's ruling on the Motion.

/s/ *Anthony Mirenda*
Anthony Mirenda