UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES M. MURRELL III, <br><br> Plaintiff, <br><br> v. <br><br> PATRIOT FRONT, THOMAS ROUSSEAU, and JOHN DOES 1-99, <br><br> Defendants. | * <br> * <br> * <br> * <br> * Civil Action No. 1:23-cv-11802-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

October 18, 2023

TALWANI, D.J.

Pending before the court is Plaintiff Charles Murrell III's Ex Parte Motion for Leave to Seek Early Limited Discovery [Doc. No. 13].[1] For the reasons that follow, the motion is DENIED without prejudice.

I. **Standard**

Rule 26(f) of the Federal Rules of Civil Procedure requires the parties to confer and plan for discovery "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held[.]" Rule 16(b)(2) in turn requires a scheduling order to be issued following a scheduling conference and "as soon as practicable, but unless the judge finds good cause for delay, within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except in certain

---

[1] The Motion [Doc. No. 13] was filed without service on the Defendants but on the public docket.

circumstances, including by court order. Good cause for such an order may be found upon: "(1) a concrete showing of a prima facie claim of actionable harm, (2) specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) a central need for the subpoenaed information to advance the claim, and (5) the party's expectation of privacy." London-Sire Recs., Inc. v. Doe 1, 542 F. Supp. 2d 153, 164 (D. Mass. 2008).

## II.  Discussion

Plaintiff Charles Murrell III has alleged that Defendant Patriot Front, an unincorporated association, held a march in Boston on July 2, 2022 (the "March"), Compl. ¶ 2 [Doc. No. 1], that he was attacked by the Doe Defendants who were participating in that March and suffered injuries from that attack, id. at ¶¶ 4-5, and that the Doe Defendants and other participants obscured their faces during the March, thereby precluding Murrell from identifying many of his attackers, id. at ¶ 2. Murrell contends that he has met all five prongs of the good cause test. In particular, he asserts that "[w]ithout names and addresses [obtained through early discovery], [he] cannot serve process, and the litigation can never progress." Memorandum 8 [Doc. No. 14] (quoting London-Sire Recs., 542 F. Supp. 2d at 179).

Murrell, however, has already named one Defendant, Thomas Rousseau, who Murrell may be able to serve without the requested early discovery. Murrell alleges that:

> Defendant Thomas Rousseau is an individual who resides in Texas, and is the leader of Patriot Front. Rousseau organized, planned, and led Patriot Front's march through Boston on July 2, 2022, and he was part of the mob of Patriot Front members who attacked Mr. Murrell. Unlike most of his confederates, Rousseau did not cover his face.

Compl. ¶ 11 [Doc. No. 1]. Murrell has not asserted that he cannot serve Rousseau, and has not explained why he cannot seek the information needed to serve the additional Defendants from Rousseau, or through third-party discovery in the normal course following a Rule 26 conference with Rousseau or the issuance of a scheduling order after Rousseau has been served. As a result,

2

Murrell has not met the third prong of the good-cause test for early discovery. Cf. Patrick Collins, Inc. v. Does 1-79, 286 F.R.D. 160, 163 (D. Mass. 2012) (where plaintiff had "*no other means* of determining the identity" of the defendants, good cause was satisfied) (emphasis added).

The court anticipates granting a renewed request for early discovery if Rousseau evades service of process.

**III.**

For the foregoing reasons, Plaintiff Charles Murrell III's Ex Parte Motion for Limited Early Discovery [Doc. No. 13] is DENIED without prejudice.

IT IS SO ORDERED

October 18, 2023                                       /s/    Indira Talwani
                                                       United States District Judge