UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES M. MURRELL III,<br><br>              Plaintiff,<br><br>    v.<br><br>PATRIOT FRONT, THOMAS ROUSSEAU, AND JOHN DOES 1-99,<br><br>              Defendants. | Civil No. 1:23-cv-11802 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SERVICE BY ALTERNATIVE MEANS
AND TO EXTEND THE SERVICE OF PROCESS DEADLINE**

FOLEY HOAG LLP
Anthony Mirenda (BBO No. 550587)
Allen M. Thigpen (BBO No. 707799)
Caroline Holliday (BBO No. 707301)
155 Seaport Blvd., Suite 1600
Boston, Massachusetts 02210-2600
Tel: 617-832-1000
Fax: 617-832-7000
ADM@foleyhoag.com
athigpen@foleyhoag.com
cholliday@foleyhoag.com

James M. Gross (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400
Fax: 212-812-0399
jgross@foleyhoag.com

*Counsel for Plaintiff Charles M. Murrell III*

November 2, 2023

## INTRODUCTION

Since filing the Complaint on August 8, 2023, Plaintiff has worked diligently to serve the two named defendants Thomas Rousseau and Patriot Front, an unincorporated association led by Mr. Rousseau. Utilizing a legal research firm with a team of process servers nationwide, he has attempted to serve Mr. Rousseau individually and in his capacity as the leader of Patriot Front on five separate occasions at two different physical addresses publicly affiliated with Mr. Rousseau. He has also attempted to serve Patriot Front via another of its leaders, Brenner Alexander Cole, at two other physical addresses. To date, however, all of those efforts have been unsuccessful, and the deadline to complete service under Federal Rules of Civil Procedure Rule 4(m) (November 7, 2023) is approaching.

That serving Mr. Rousseau or Patriot Front has been challenging is hardly surprising. As Plaintiff has explained elsewhere, Patriot Front members like Mr. Rousseau attempt to hide their information from public view to deprive the victims of their actions of the most basic information necessary to initiate proceedings to vindicate their rights. *See* Doc. No. 14 at 2.

Despite those efforts to shield from public view the information necessary to accomplish service through traditional means, however, Patriot Front is not invisible. From Patriot Front's active online presence and other publicly available sources, Plaintiff has identified two email addresses associated with Patriot Front and official Patriot Front social media accounts on four different platforms: Telegram, Gab, Odysee, and Bitchute.[1] November 2, 2023 Declaration of James M. Gross ¶¶ 13-14 (hereafter, "Gross Decl."). The Patriot Front social media accounts each contain a link to Patriot Front's website and are regularly updated. Gross Decl. ¶¶ 14-15.

---

[1] Telegram and Gab are social media platforms which have semi-private messaging applications that allow users to send messages, files, and audio to other users. Odysee and Bitcute are video platforms that, similar to YouTube, allow independent creators to upload materials.

Indeed, at least one of the accounts (on Telegram) was updated on August 8, 2023—the date that Plaintiff filed his Complaint—with an attempted PR response to this lawsuit, indicating that the Patriot Front organization already has actual notice of this case.  Gross Decl. ¶ 16.

Plaintiff respectfully requests that the Court enter an order that: (1) grants Plaintiff leave to effectuate alternative service of the Summons and the Complaint on Patriot Front via its known email addresses and social media accounts; (2) extends Plaintiff's deadline to serve Patriot Front (currently November 7, 2023) until 21 days after this Court grants Plaintiff's request for alternative service or, alternatively, by 120 days after November 7, 2023; and (3) extends Plaintiff's deadline to serve Mr. Rousseau and the John Doe Defendants for an additional 120 days after November 7, 2023.  Plaintiff submits that such an order will allow him to move this case forward, as once Patriot Front is served, he can then proceed to seek through discovery the additional information about Mr. Rousseau and the presently unidentified Doe Defendants he needs to bring them into this case.

## ARGUMENT

### A. There Is Good Cause To Extend Plaintiff's Deadline To Serve Patriot Front, Thomas Rousseau, and the John Doe Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be "served within 90 days after the complaint is filed" but that "if the plaintiff shows good cause" for why service cannot be completed in that time frame, "the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Local Rule 4.1 echoes that standard, providing that "counsel … who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit."  D. Mass. Local Civil Rule 4.1.  Federal Rule of Civil Procedure 6(b)(1)(A), in turn, provides in relevant

part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A); *see also Diaz-Rivera v. Supermercados Econo, Inc.*, 18 F. Supp. 3d 130, 133 (D.P.R. 2014) (Rule 6(b) "allows a plaintiff to request an extension of time to serve a defendant").

There is "good cause" for extending Rule 4(m)'s deadline to serve a complaint when "the defendant has evaded service of the process or engaged in misleading conduct" or when "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances." *E.g.*, *Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 84 (D. Mass. 2016) (quoting *MsIaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002))). As one court in this District put it, "[t]he rules governing service of process are not designed to create an obstacle course for the plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *United States v. Tobins*, 483 F. Supp. 3d 68, 79 (D. Mass. 2007) (quoting *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994)). Thus, when the record shows that the plaintiff "took sufficient reasonable steps to locate and serve [defendant] and that any delay was not due to any neglect on the part of the plaintiff … an extension of the time to perfect service of process" is warranted. *Id.*

That is precisely what the record reflects here. Shortly after filing the Complaint on August 8, 2023, Plaintiff sent a process server to serve Mr. Rousseau (and, through him, Patriot Front) at the Grapevine, Texas address associated with Mr. Rousseau that parties in other

- 3 -

litigations have used to serve successfully both Thomas Rousseau and Patriot Front.[2]  Gross Decl. ¶¶ 4-5 & Ex. A.  Upon arriving at that address, however, the process server reported that the house had been staged for sale, that there was a "For Sign" sale in the front lawn, and that according to the Tarrant Appraisal District, the house had been owned by Magnolia Reality Solutions Fund since April 19, 2023.  Gross Decl., Ex. A.

Armed with this new information, Plaintiff searched publicly available resources to locate another address for the named defendants.  Gross Decl. ¶ 6.  That research yielded a Haslet, Texas address publicly affiliated with Mr. Rousseau, which Plaintiff instructed his process server to use to attempt to effectuate service on both Mr. Rousseau and Patriot Front.  Gross Decl. ¶ 6.

Between August 22, 2023 and September 1, 2023, Plaintiff's process server made four separate attempts to serve the named defendants at this address.  Gross Decl. ¶ 7 & Ex. B.  On each occasion, the process server knocked on the door and, when those knocks went unanswered, attached to the front door her contact information and a request that the occupant of the home contact her.  Gross Decl., Ex. B.  While the process server observed on each of her subsequent visits to the home that those attachments had been removed from the front door, she never received a call back from Mr. Rousseau or anyone else.  Gross Decl., Ex. B.  The process server also attempted to speak with neighbors to learn more information about the occupant of the home, to no avail.  Gross Decl., Ex. B.

---

[2] The plaintiffs in another litigation used this address to serve both Mr. Rousseau and Patriot Front (via its leader, Mr. Rousseau).  Certificates of Compliance as to Thomas Rousseau and Patriot Front, ECF Nos. 52 & 53, *Doe v. Patriot Front*, Case No. 3:22-cv-670 (E.D. Va.) (both filed on January 5, 2023).  Neither defendant appeared following service, and the Clerk entered an Entry of Default against them.  *See* Clerk's Entry of Default as to Patriot Front and Thomas Rousseau, *Doe v. Patriot Front*, ECF No. 104, Case No. 3:22-cv-670 (E.D. Va.) (entered July 26, 2023).

Unable to serve Mr. Rousseau or Patriot Front at Mr. Rousseau's residence, Plaintiff continued to explore other publicly available sources of information to locate Mr. Rousseau or other leaders of the Patriot Front.  Relevant here, on October 10, 2023, the Southern Poverty Law Center published an article identifying, based upon its review of leaked documents (including internal Patriot Front communications), Brenner Alexander Cole as an individual who had "assumed a leadership role within the group" with the title of "Network Director."  Gross Decl. ¶ 8; *see also* Jeff Tischauser, *Patriot Front Leader Identified in Texas*, Southern Poverty Law Center, https://www.splcenter.org/hatewatch/2023/10/10/patriot-front-leader-identified-texas (published October 10, 2023).  Plaintiff used publicly available information to identify two addresses associated with Mr. Cole and then dispatched process servers to attempt to serve Patriot Front at each by delivering a copy of the Summons and Complaint to Mr. Cole in his capacity as an "officer, [] a managing or general agent" of Patriot Front, an unincorporated entity.  Gross Decl. ¶ 9; *see, e.g.*, *Creative Photographers, Inc. v. Filtergrade, LLC*, 2023 U.S. Dist. LEXIS 1654, at *3-4 (D. Mass. Jan. 5, 2023) (explaining that pursuant to Federal Rule 4(h), unincorporated entities should be served in accordance with Massachusetts Rule of Civil Procedure 4(d), which "provides in relevant part that service shall be made" on unincorporated entities "by delivering a copy of the summons and the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any").

Neither attempt was successful.  The process server reported that the individual who answered the door at the first address (in San Marcos, Texas) has never heard of either Patriot Front or Mr. Cole.  Gross Decl., Ex. C.  At the second address (in Driftwood, Texas), the process server spoke to Mr. Cole's father, who claimed that Mr. Cole now resides in San Antonio

- 5 -

without providing any other information.  Gross Decl., Ex. D.  The process server left a contact card with Mr. Cole's father to be sent to Mr. Cole.  Gross Decl., Ex. D.  The process server continues to attempt to locate Mr. Cole through intermediaries.  Gross Decl. ¶ 12.

Finally, unable so far to complete service of process of process through traditional means, Plaintiff has sought to collect other information about Patriot Front that may facilitate successful service of process.  Those efforts included filing a motion for leave to conduct early discovery (ECF No. 14, which this Court denied without prejudice, ECF No. 15) and aggregating the information described immediately below which, with the Court's approval, will allow Plaintiff to accomplish service of process on Patriot Front by alternative means.

Simply put, the record here demonstrates that Plaintiff has diligently but unsuccessfully attempted to serve the named defendants.  There is therefore good cause for extending Plaintiff's deadline under Rule 4(m) to complete service of process.

### B. This Court Should Grant Plaintiff Leave To Serve Patriot Front By Alternative Means.

Just as Plaintiff's diligence in attempting to serve the named defendants justifies an extension of his Rule 4(m) deadline to complete service, it also warrants granting him leave to serve Patriot Front through alternative means.  Specifically, Plaintiff proposes that the Court grant him leave to serve Patriot Front via:

- Two email addresses publicly associated with Patriot Front (patriotfront@protonmail.com and patriotfront01@gmail.com); and
- Patriot Front's social media accounts on Gab, Telegram, Bitchute, and Odysee.

As detailed below, each of those proposed methods of service is reasonably calculated to apprise Patriot Front of the claims in Plaintiff's Complaint.

Federal Rule of Civil Procedure 4(e) provides in relevant part that "an individual within a judicial district of the United States can be served in accordance with state law where the court is located." *Xmod Inds. v. Kennedy*, 2022 U.S. Dist. LEXIS 220329, at *5 (D. Mass. Dec. 7, 2022); *see also* Fed. R. Civ. P. 4(e)(1). Massachusetts law, in turn, states that if service is unsuccessful "after diligent search . . . the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Mass. R. Civ. P. 4(d)(1), (2); *Swenson v. Mobilityless, LLC*, 19-30168-KAR, 2020 U.S. Dist. LEXIS 83370, at *4 (D. Mass. Apr. 12, 2020) (concluding that plaintiffs who show they have made "sufficiently diligent" attempts to effect service in compliance with the rules are entitled to "an order authorizing an alternative method of service"). "Where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant, an alternative method of service may be permissible under Massachusetts law." *Alves v. Daly*, No. 12-10935, 2013 U.S. Dist. LEXIS 45706, 2013 WL 1330010, at *4 (D. Mass. Mar. 29, 2013).

In addition to determining whether alternative service is warranted, courts also must assess whether the specific proposed means of alternative service are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them with an opportunity to present their objections." *Swenson*, 2020 U.S. Dist. LEXIS 83370, at *9. Applying that standard, courts in this district have allowed service by email where plaintiffs demonstrate that it is likely to notify a defendant of the action. *See Core Brands, LLC v. Designer Audio*, 16-11830-DPW, 2017 U.S. Dist. LEXIS 216601, at *3 (D. Mass. Apr. 28, 2017 (allowing email service where defendants only conducted business online, and plaintiff was unable to locate defendants after a diligent search). And courts have routinely allowed plaintiffs to serve through social media, particularly when there is evidence that "the defendants have

actual knowledge of the suit." *Havlish v. Bin Laden (In re Terrorist Attacks on September 11, 2001)*, 03-cv-9848, 2022 U.S. Dist. LEXIS 63505, at *11-12 (S.D.N.Y. Apr. 5, 2022) (collecting cases); *see also Xmod Indus. v. Kennedy*, 1:22-cv-11464-IT, 2022 U.S. Dist. LEXIS 220329, at *6 (D. Mass. Dec. 7, 2022) (Talwani, J.) (concluding that because plaintiffs had communicated with defendant via Telegram and Discord, alternative service through those applications was reasonably calculated to notify defendant).

Plaintiff easily satisfies both requirements. First, as already detailed above, Plaintiff has been sufficiently diligent in attempting to serve Patriot Front through traditional avenues. As discussed *infra*, Plaintiff has attempted to serve Patriot Front via Mr. Rousseau in his representative capacity on five separate occasions at two different physical addresses in Texas affiliated with Mr. Rousseau. He has also attempted to serve Patriot front via another known Patriot Front leader, Brenner Alexander Cole, at two other Texas addresses. These efforts are sufficient to warrant alternative means of service. *See A2Z Dental LLC v. Miri Trading LLC*, 436 F. Supp. 3d 430, 432 (D. Mass. 2020) (holding that service by publication was appropriate after process server made numerous unsuccessful attempts to serve process on defendant).

Plaintiff's proposed alternative methods of service are also "reasonably calculated, under all circumstances, to apprise [Patriot Front] of the pendency of th[is] action and [would] afford [it] an opportunity to present [its] objections." *Swenson*, 2020 U.S. Dist. LEXIS 83370, at *9. Both of Plaintiff's proposed alternative means of service—by email and by social media—are methods that courts in this district have deemed sufficient to apprise defendants of a pending lawsuit. *See Core Brands, LLC*, 16-11830-DPW, 2017 U.S. Dist. LEXIS 216601, at *3 (e-mail); *Xmod Indus.*, 2022 U.S. Dist. LEXIS 220329, at *6 (social media). And there is no serious question that Patriot Front already has "actual knowledge" of this suit. *Havlish*, 2022 U.S. Dist.

LEXIS 63505, at *11-12.  That is apparent from both Patriot Front's own social media posts—for instance, its post on Telegram on the day that Plaintiff filed the Complaint (August 8, 2023) circulating an edited video clip of Patriot Front's assault of Plaintiff and claiming that it showed "restraint, and repeated requests for de-escalation by [Patriot Front members to [Plaintiff]," Gross Decl. ¶ 16—and comments from Patriot Front's own members.  For example, just days after Plaintiff filed his lawsuit, Jason Lee Van Dyke, a lawyer who reportedly "represents a member of [Patriot Front] who filmed the incident with [Mr.] Murrell" and who himself may be a member of Patriot Front,[3] made public comments to national media disputing Plaintiff's allegations.  *See, e.g.*, Will Carless, *Boston lawsuit against Patriot Front highlights white supremacist group's rising legal tests*, USA Today, *available at* https://www.usatoday.com/story/news/investigations/2023/08/09/patriot-front-boston-lawsuit/70555492007/ (last accessed Oct. 10, 2023) (quoting Mr. Van Dyke as saying:  "For a guy who says he's the victim here (Murrell), he repeatedly gets back up and tries to attack these guys" and "He's alleging a civil rights violation, and that's just preposterous").

For all of these reasons, this Court should grant Plaintiff leave to serve Patriot Front through the alternative means of its known email addresses and social media accounts (specifically, Telegram, Gab, Odysee, and Bitchute).  Once that service is accomplished, Plaintiff can move forward with discovery against Patriot Front and other third parties, which will in turn provide the additional information necessary for him to serve Mr. Rousseau and to identify and serve the Doe Defendants.

---

[3] *See, e.g.*, *Patriot Front Replaces Lawyer of Choice with Extremist*, Southern Poverty Law Center, https://www.splcenter.org/hatewatch/2022/09/09/patriot-front-replaces-lawyer-choice-extremist (published September 9, 2022) (describing Jason Lee Van Dyke as "not simply Patriot Front's lawyer of choice, but also a member").

## CONCLUSION

For the foregoing reasons, this Court should (1) grant Plaintiff leave to effectuate alternative service of the Summons and the Complaint on Patriot Front via its known email addresses and social media accounts; (2) extend Plaintiff's deadline to serve Patriot Front (currently November 7, 2023) until 21 days after this Court grants Plaintiff's request for alternative service or, alternatively, by 120 days after November 7, 2023; and (3) extend Plaintiff's deadline to serve Mr. Rousseau and the John Doe Defendants for an additional 120 days after November 7, 2023.

Dated:  November 2, 2023                                   Respectfully Submitted,

                                                            CHARLES M. MURRELL III

                                                            By his attorneys,

                                                            /s/  *James M. Gross*
                                                            James M. Gross (admitted *pro hac vice*)
                                                            FOLEY HOAG LLP
                                                            1301 Avenue of the Americas
                                                            New York, NY 10019
                                                            Tel:  212-812-0400
                                                            Fax:  212-812-0399
                                                            jgross@foleyhoag.com

                                                            Anthony Mirenda (BBO No. 550587)
                                                            Allen M. Thigpen (BBO No. 707799)
                                                            Caroline Holliday (BBO No. 707301)
                                                            FOLEY HOAG LLP
                                                            155 Seaport Blvd., Suite 1600
                                                            Boston, Massachusetts 02210-2600
                                                            Tel:  617-832-1000
                                                            Fax: 617-832-7000
                                                            ADM@foleyhoag.com
                                                            athigpen@foleyhoag.com
                                                            cholliday@foleyhoag.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd of November, 2023, I caused a copy of the above document to be electronically filed using the CM/ECF system.  To the extent necessary, Plaintiff will serve this Memorandum in accordance with this Court's ruling on the Motion.

                                                /s/  *James M. Gross*
                                                James M. Gross