UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES M. MURRELL, III, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Action No. 1:23-cv-11802-IT |
| * | |
| PATRIOT FRONT, THOMAS * | |
| ROUSSEAU, and JOHN DOES 1-99 * | |
| * | |
| Defendants. | |

MEMORANDUM & ORDER

November 7, 2023

TALWANI, D.J.

Before the court is Plaintiff Charles M. Murrell III's Motion for Service by Alternative Means [Doc. No. 16]. For the reasons set forth herein, the Motion is GRANTED.

I.   **Standard of Review**

Federal Rule of Civil Procedure 4(h) provides that an unincorporated association that is subject to suit under a common name may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" and where required by also mailing a copy to the defendant, or by service "in the manner provided by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) in turn provides that an individual may be served in a judicial district of the United States "by . . . following state law for serving a summons in an action . . . in the state where the district court is located." Under Massachusetts state law, if the party attempting service upon a domestic corporation or unincorporated association shows that "after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law."

Mass. R. Civ. P. 4(d)(2). Thus, alternative service is warranted under Massachusetts state law—and by extension, the Federal Rules of Civil Procedure—"[w]here a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant." Alves v. Daly, 2013 WL 1330010, at *4 (D. Mass. Mar. 29, 2013).

The proposed means of alternative service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Swenson v. Mobilityless, LLC, 2020 WL 2404835, at *3 (D. Mass. May 12, 2020) (internal quotation marks omitted). Service via email and/or social media may suffice to meet this bar. E.g., Core Brands, LLC v. Designer Audio Video, 2017 WL 4898321, at *1 (D. Mass. Apr. 28, 2017) (email service); Havlish v. Bin Laden (In re Terrorist Attacks on September 11, 2001), 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022) (social media service).

## II. Discussion

### A. *Diligent Search*

With respect to the first inquiry for alternative service, Murrell has sufficiently demonstrated diligence. Murrell states that he has attempted to serve Defendant Thomas Rousseau, who Murrell avers is a known leader of the Patriot Front, on five separate occasions at two different physical addresses. Decl. of James M. Gross ¶¶ 4, 6 [Doc. No. 17]; Exs. A, B [Doc. Nos. 17-1; 17-2]. Murrell states that he has also attempted service on a second known leader of Patriot Front, also at two different physical addresses. Decl. of James. M. Gross ¶¶ 8-9 [Doc. No. 17]; Exs. C, D [Doc. Nos. 17-3; 17-4]. Murrell's showing of multiple, unsuccessful efforts to serve a representative of the Patriot Front association constitute sufficient diligence such that alternative service is warranted.

B. *Sufficiency of Service*

Murrell has also sufficiently demonstrated that his proposed means of alternative service are reasonably calculated to alert Patriot Front to the pendency of this litigation. Indeed, it appears that Patriot Front is already aware of the case and has made reference to it on the social media platforms by which Murrell intends to effectuate service. See Decl. of James M. Gross ¶ 16 [Doc. No. 17]. As a result, the court finds that Murrell's proposed methods of service via email and social media are sufficient to pass constitutional muster.

### III. Conclusion

For the foregoing reasons, Murrell's Motion is GRANTED. Plaintiff may effectuate service via the two emails publicly associated with Patriot Front, patriotfront@protonmail.com and patriotfront01@gmail.com, and Patriot Front's social media accounts on Gab, Telegram, Bitchute, and Odysee.

IT IS SO ORDERED

November 7, 2023                                        /s/     Indira Talwani
                                                        United States District Judge