# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHARLES M. MURRELL III,

                Plaintiff,

   v.

PATRIOT FRONT, THOMAS ROUSSEAU,
AND JOHN DOES 1-99,

                Defendants.

Civil No. 1:23-cv-11802

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO FILE DEFAULT JUDGMENT MOTION AND RENEWED MOTION FOR LEAVE TO CONDUCT PRE-RULE 26(F) CONFERENCE DISCOVERY

FOLEY HOAG LLP
Anthony Mirenda (BBO No. 550587)
Allen M. Thigpen (BBO No. 707799)
Caroline Holliday (BBO No. 707301)
155 Seaport Blvd., Suite 1600
Boston, Massachusetts 02210-2600
Tel:  617-832-1000
Fax: 617-832-7000
ADM@foleyhoag.com
athigpen@foleyhoag.com
cholliday@foleyhoag.com

James M. Gross (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, NY 10019
Tel:  212-812-0400
Fax:  212-812-0399
jgross@foleyhoag.com

*Counsel for Plaintiff Charles M. Murrell III*

January 12, 2024

On December 19, 2023, the Clerk of Court entered a Notice of Default against Patriot Front, an unincorporated association and one of the two named defendants in this lawsuit. ECF No. 23. The Clerk did so after Patriot Front failed to respond within 21 days of being served with Plaintiff's Complaint via the alternative means authorized by this the Court. ECF No. 20 (Memorandum Opinion and Order Granting Leave to Serve by Alternative Means); ECF No. 21 (Affidavit of Service on Patriot Front). As a consequence of its default, Patriot Front is now liable to Plaintiff for the harms detailed in Plaintiff's Complaint. *See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 693 (1st Cir. 1993) (repeating "the maxim that an entry of default against a defendant establishes the defendant's liability").

Notwithstanding Patriot Front's default, this litigation is incomplete. Plaintiff has not yet been able to litigate the merits of his claims against the other named defendant, Thomas Rousseau, because Plaintiff has yet to serve him successfully. *See* ECF Nos. 17 & 18 (detailing Plaintiff's unsuccessful efforts to serve Mr. Rousseau). Plaintiff also has not yet litigated his claims against the other individual members of Patriot Front who attacked him (named in the Complaint as John Doe Defendants 1-99) because he does not know their identities. And while Plaintiff has established Patriot Front's liability, "the quantum of damages remains to be established by proof"—a showing which will be aided by information to be adduced in discovery. *See, e.g.*, *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

Given those unresolved issues, Plaintiff respectfully requests that the Court extend Plaintiff's current deadline (January 18, 2024) to file a motion for default judgment against Patriot Front until a decision is reached on the merits as to the remaining defendants. Plaintiff further respectfully requests that the Court grant him leave to conduct pre-Rule 26(f) conference discovery in order to (a) determine a means of serving Thomas Rousseau, (b) ascertain the

identities of and serve the John Doe Defendants, and (c) obtain information relevant to the quantum of his damages claim against Patriot Front.  As detailed below, good cause supports both requests.

**A.    There Is Good Cause To Extend Plaintiff's Deadline To File A Motion For Default Judgment Against Patriot Front.**

The Standing Order regarding Motions for Default Judgment entered by this Court on December 19, 2023 provides that a "party seeking a default judgment shall file a motion within 30 days"—here, January 18, 2024.  ECF No. 24.  The Standing Order further provides that a showing of "good cause" is required to extend that deadline.  *Id.*  Plaintiff submits that there are two reasons why there is good cause for extending the January 18, 2024 deadline until a decision is reached on the merits as to the remaining defendants.

*First*, there is good cause for an extension because Plaintiff continues to have live claims against Mr. Rousseau and the John Doe Defendants.  "In a multi-defendant case such as this, the Court should withhold granting a default judgment against one defendant until a decision is reached on the merits against the remaining defendant."  *W. World Ins. Co. v. Czech*, 275 F.R.D. 59, 62 (D. Mass. 2011); *see also Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (D. Mass. 2000) (same).  Consistent with this authority, this Court should extend Plaintiff's deadline to move for a default judgment against Patriot Front until he has had the opportunity to litigate his claims against the other named defendants.

*Second*, an extension is warranted because Plaintiff has not yet had the opportunity to conduct discovery into issues related to the quantum of his damages from Patriot Front— specifically, as to the appropriate scope of punitive damages.  "There is no dispute that information concerning [a defendant's] finances is relevant regarding the issue of punitive damages."  *E.g.*, *Katz v. Liberty Power Corp., LLC*, 2020 U.S. Dist. LEXIS 112969, at *16 (D.

Mass. June 26, 2020) (internal quotation marks and alteration omitted) (collecting cases holding

same).  Because of Patriot Front's refusal to participate in this action to date, however, Plaintiff

has not yet had the opportunity to seek discovery into Patriot Front's finances.  For this reason,

too, there is good cause for extending Plaintiff's deadline to move for a default judgment.

**B.      There Is Good Cause For Allowing Plaintiff To Serve Pre-Rule 26(f) Conference Discovery.**

Patriot Front's refusal to participate in this litigation, combined with Plaintiff's inability

to serve Mr. Rousseau, also justifies granting Plaintiff leave to conduct early discovery pursuant

Rule 26(d) of the Federal Rules of Civil Procedure.  Plaintiff previously moved for leave to serve

early discovery aimed at discovering the identifies of the John Doe Defendants as well as the

contact information for representatives of Patriot Front sufficient to allow Plaintiff to serve that

unincorporated association.  ECF No. 14.  On October 18, 2023, the Court denied that motion

without prejudice on the grounds that Plaintiff may be able to obtain the information sought

through ordinary discovery following successful service on Thomas Rousseau.  ECF No. 15 at 2.

In its Order, however, the Court expressly noted that it "anticipates granting a renewed request

for early discovery if Rousseau evades service of process."  ECF No. 15 at 3.

The scenario contemplated by the Court's October Order has now come to pass.  As

Plaintiff detailed elsewhere, process servers hired by Plaintiff have attempted to serve Mr.

Rousseau in person on five separate occasions at two separate addresses.  ECF No. 17 at ¶¶ 4-7

(November 2, 2023 Declaration of James M. Gross).  Those efforts have not been successful.

*Id.*; *see also* ECF No. 18 at 3-4 (detailing unsuccessful efforts to serve Mr. Rousseau).  And

while Plaintiff has now successfully served Patriot Front via the alternative means approved by

the Court, Patriot Front's default has stalled the scheduling of a Rule 26(f) conference.  As a

result, without leave to conduct discovery, Plaintiff currently lacks the ability to move forward

both his merits case forward against Mr. Rousseau and the John Doe Defendants, as well as his quantum of damages claims against Patriot Front.

Accordingly, Plaintiff respectfully submits that pursuant to Rule 26(d), there is good cause for an Order granting him leave to conduct discovery in advance of a Rule 26(f) conference. Plaintiff's contemplated discovery will be aimed at (1) obtaining information necessary to complete service on Thomas Rousseau, (2) identifying and serving the John Doe Defendants, and (3) quantifying his damages, including punitive damages, against Patriot Front.

**CONCLUSION**

For the foregoing reasons, this Court should (1) extend Plaintiff's deadline to file a motion for default judgment against Patriot Front (currently January 18, 2024) until after he has received a decision on the merits as to all named defendants; and (2) grant Plaintiff leave to conduct early discovery pursuant to Rule 26(d) so as to (a) determine a means of serving Thomas Rousseau, (b) ascertain the identities of and serve the John Doe Defendants, and (c) obtain information relevant to the quantum of his damages claim against Patriot Front.

Dated:  January 12, 2024

Respectfully Submitted,

CHARLES M. MURRELL III

By his attorneys,

/s/  *James M. Gross*

James M. Gross (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel:  212-812-0400
Fax:  212-812-0399
jgross@foleyhoag.com

Anthony Mirenda (BBO No. 550587)
Allen M. Thigpen (BBO No. 707799)
Caroline Holliday (BBO No. 707301)
FOLEY HOAG LLP
155 Seaport Blvd., Suite 1600
Boston, Massachusetts 02210-2600
Tel:  617-832-1000
Fax: 617-832-7000
ADM@foleyhoag.com
athigpen@foleyhoag.com
cholliday@foleyhoag.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2024, I caused a copy of the above document to be electronically filed using the CM/ECF system.  To the extent necessary, Plaintiff will serve this Memorandum in accordance with this Court's ruling on the Motion.

/s/  *James M. Gross*
James M. Gross