# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES M. MURRELL III,<br><br>            Plaintiff,<br><br>    v.<br><br>PATRIOT FRONT, THOMAS ROUSSEAU, AND JOHN DOES 1-99,<br><br>            Defendants. | Civil Action No. 1:23-cv-11802 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS PATRIOT FRONT AND THOMAS ROUSSEAU

Plaintiff Charles M. Murrell III hereby moves the Court, pursuant to Federal Rule of Civil Procedure 55(b) and this Court's Standing Order on Motions for Default Judgment (ECF No. 24), for an Order entering a default judgment against Defendants Patriot Front and Thomas Rousseau and awarding Mr. Murrell general, special, and punitive damages. In further support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law, the Declaration of Caroline Holliday and the Exhibits attached thereto, and the evidence to be adduced at the evidentiary hearing scheduled for October 2 & 3, 2024.[1]

For the reasons stated in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that the Court, after the October evidentiary hearing, issue an Order that: (1) enters a Default Judgment for Plaintiff on each claim asserted in the Complaint (specifically, Counts 1-2 against Defendants Patriot Front and Rousseau, and Counts 3-6 against Defendant

---

[1] Absent further instruction from the Court, Mr. Murrell intends to file a preliminary witness and exhibit list prior to the evidentiary hearing in accordance with Local Civil Rule 43.1(b).

Rousseau)[2]; (2) awards Plaintiff general and special damages for which Defendants Patriot Front and Rousseau are jointly and severally liable in amounts to be determined by the Court after the October evidentiary hearing; (3) awards Plaintiff punitive damages against Defendant Patriot Front and Rousseau individually in amounts to be determined by the Court after the October evidentiary hearing; and (4) permits Plaintiff to file a motion for attorneys' fees with appropriate documentation within 30 days of the Order.

---

[2] While Mr. Murrell also brought claims against John Does 1-99 in all six counts, "the presence of doe defendants does not prevent entry of final judgment." *Sowell v. Vose*, 1991 U.S. App. LEXIS 21204, at *1 n.1 (1st Cir. July 25, 1991) (per curiam). To the extent necessary, Mr. Murrell will file a voluntary stipulation of dismissal without prejudice of his claims against the John Doe defendants pursuant to Rule 41(a)(1)(A)(i).

- 3 -

Dated:  August 21, 2024                             Respectfully Submitted,


CHARLES M. MURRELL III

By his attorneys,

/s/  *James M. Gross*
James M. Gross (admitted *pro hac vice*)
Jace Lee (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel:  212-812-0400
Fax:  212-812-0399
jgross@foleyhoag.com
jalee@foleyhoag.com

Anthony Mirenda (BBO No. 550587)
Allen M. Thigpen (BBO No. 707799)
Caroline Holliday (BBO No. 707301)
FOLEY HOAG LLP
155 Seaport Blvd., Suite 1600
Boston, Massachusetts 02210-2600
Tel:  617-832-1000
Fax: 617-832-7000
ADM@foleyhoag.com
athigpen@foleyhoag.com
cholliday@foleyhoag.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of August, 2024, I caused a copy of the above document to be electronically filed using the CM/ECF system.  Plaintiff will serve this Motion on Defendants via the alternative means of service authorized by this Court's November 7, 2023 Order (ECF No. 20).

                                                /s/  *James M. Gross*
                                                James M. Gross