UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charles M. Murrell III, <br><br> Plaintiff, <br><br> v. <br><br> Patriot Front and Thomas Rousseau, <br><br> Defendants. | Civil Action No. 1:23-cv-11802-IT |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

December 5, 2025

TALWANI, D.J.

Pending before the court is Plaintiff's Motion for Reasonable Attorney's Fees and Costs [Doc. No 62]. Plaintiff seeks an award of $572,187.20 in attorneys' fees for 871.1 hours in attorney and support staff time and $6,462.13 in costs. Mem. ISO Mot. for Attorneys' Fees and Costs 3 [Doc. No. 64]. The court grants the Motion in part.

I.   **Reasonable Fees**

"[T]he method of choice" for calculating a reasonable fee award is the lodestar method. Perez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (quoting Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015)). "The lodestar amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The court's task in fashioning a reasonable fee "is to do rough justice, not to achieve auditing perfection." Id. at 322 (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)).

A.     *Plaintiff counsel's hourly rates*

Plaintiff seeks hourly rates of $956 for Attorney Anthony Mirenda, $718 for Attorney James Gross, $676 for Attorney Allen Thigpen, $544 for Attorney Caroline Holliday, $495 for Attorney Jace Lee and $376 for Paralegal Carla Nigro. Mem. ISO Pl.'s Mot. for Reasonable Attorneys' Fees and Costs 9 [Doc. No. 64]. Plaintiff's counsel notes that these rates "are significantly lower than the rates charged by each working attorney during the time they worked on this matter." Gross Decl. ¶ 7 [Doc. No. 63]. Plaintiff instead has submitted billing rates that rely on "the rates of Foley Hoag professionals with comparable levels of seniority and responsibility" found reasonable two years ago in another case decided in this District, Biopoint, Inc. v. Dickhaut, 2023 WL 4471971 (D. Mass. July 11, 2023). Id.

To determine whether certain rates are reasonable, courts often compare the proposed rates to "the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Perez-Sosa, 22 F.4th at 321 (quoting Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014)). In Biopoint, Inc., the court approved fee rates for the Foley Hoag attorneys in that case, noting the rates were "appropriate and comparable to, if not lower than, those charged by similar commercial law firms in the Boston area." 2023 WL 4471971, at *1 (D. Mass. July 11, 2023). This court similarly finds that the proposed rates in this case by attorneys, from the same firm as in Biopoint, Inc., are reasonable and "commensurate with the skill of the attorneys, whose professional profiles reflect extensive experience and credentials." Id.

B.     *The number of hours claimed*

A party seeking fees should also submit "a full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." Tennessee Gas Pipeline Co. v. 104 Acres of Land, More or Less, In Providence Cnty., State of R.I., 32 F.3d

632, 634 (1st Cir. 1994) (quoting Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 527 (1st Cir. 1991)). Plaintiff's counsel has done so here, supporting Plaintiff's request with thorough billing entries documenting, as to the time for which he seeks compensation, every task performed, by whom, on what day, and for how long. See Gross Decl. Ex. B [Doc. No. 63-2]. Plaintiff has also detailed steps taken to reduce the hours for which Plaintiff seeks fees by more than 25% of the total hours worked on the matter, eliminating time spent on "most internal team meetings, legal research and drafting related to pleadings that [Plaintiff] ultimately did not file, and significant portions of public records request efforts made on [Plaintiff's] behalf." Gross Decl. ¶ 10–11 [Doc. No. 63]. The fees sought also exclude "nearly forty-five hours of time spent by [a senior Partner] who worked on the case[,]" and excluded time spent by Plaintiff's lead counsel, another Senior Partner, attending the two-day evidentiary hearing. Id. ¶ 10. Plaintiff only seeks time for hours spent through October 17, 2024, and therefore has not sought fees for time spent on Plaintiff's Motion for Fees [Doc. No. 62], Declarations [Doc. Nos. 63, 71], Memorandum in Support [Doc. No. 64], Notice of Voluntary Dismissal of Doe Defendants [Doc. No. 65], and service of the post-hearing pleadings and orders on the Defendants, see Affidavit of Alternative Service [Doc. Nos. 66, 68].

      While the extensive work resulted in an excellent presentation of the case, the court finds further reductions in the number of hours warranted to ensure that the fee award is reasonable. Plaintiff's counsel seeks 152.6 hours for drafting and filing Plaintiff's Complaint [Doc. No. 1] and 401 hours preparing for the evidentiary hearing. Gross Supp. Decl. ¶¶ 5–6 [Doc. No. 71] (Phases 1 and 4 of the proceedings). Plaintiff contends that to prepare the Complaint and prepare for the evidentiary hearing Plaintiff had to investigate Patriot Front's actions during and leading up to its Boston march, but also the group's actions historically. Mem. ISO Pl.'s Mot. for

Reasonable Attorneys' Fees and Costs 4 [Doc. No. 64]. Plaintiff's forty-six-page Complaint reflects this extensive research, where Plaintiff dedicated thirty-three pages to presenting the facts alleged. See Compl. [Doc. No. 1]. Nevertheless, 152.6 hours amounts to more than a reasonable amount of time to spend drafting a complaint. See Hoffman v. Packer, 548 F. Supp. 3d 268, 271 (D. Mass. 2021) (finding "160 hours researching and drafting an eighteen-page complaint . . . [was] well in excess of what would be considered reasonable for more complex filings" and reducing the total award amount by nearly half); Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 320 (D.P.R. 2009) (noting 119.1 hours spent on drafting plaintiff's complaint and amended complaints to be excessive and reducing the amount to 90 hours); Rudy v. City of Lowell, 883 F. Supp. 2d 324, 327 (D. Mass. 2012) (concluding that Plaintiff's counsel "spent more time than necessary drafting the complaint and his petition for attorney's fees" and reducing the total 27.4 hours spent in half); Alexander v. Massachusetts Dep't of Correction, 734 F. Supp. 3d 133, 142 (D. Mass. 2024) (156 hours spent on work prior to the filing of initially pro se plaintiff's Amended Complaint was excessive). This is particularly true where the legal claims presented by Plaintiff were not so novel or numerous to warrant spending this amount of time. Similarly, though preparation for the evidentiary hearing on Plaintiff's Motion for Default Judgment [Doc. No. 46] included preparing three fact witnesses and two expert witnesses for the hearing, see Gross Supp. Decl. ¶ 5 [Doc. No. 71], the court does not find 401 hours reasonable given the circumscribed length and complexity of the evidentiary hearing. Accordingly, the court reduces the hours incurred in Phases 1 and 4 by 50%.

      Phase 2 of the proceedings involved Plaintiff's efforts to serve Defendants and related non-party discovery. Gross Supp. Decl. ¶ 5 [Doc. No. 71]. As Plaintiff notes, Defendants failed to respond to Plaintiff's summons and Complaint (despite being aware of the action), requiring

Plaintiff's counsel to dedicate additional time to this matter. Gross Decl. ¶ 13 [Doc. No. 63]; Mem. ISO of Mot. for Attorneys' Fees 6 [Doc. No. 64]. Plaintiff attempted multiple times to use process servers to accomplish service and, after Defendants did not respond, was required to conduct <u>ex parte</u> motion practice to obtain approval to serve Defendants by alternative means and to engage in limited discovery to determine possible ways to serve Defendants. Gross Decl. ¶ 13 [Doc. No. 63]; Mem. ISO of Mot. for Attorneys' Fees 6 [Doc. No. 64]; <u>see also</u> Mem. and Order [Doc. No. 20]; Mem. and Order [Doc No. 15]. Though the 182.1 hours incurred during this phase of the litigation represents significantly more time than what is typically necessary to execute service on an opposing party, the time spent was reasonable in light of the circumstances presented here.

Plaintiff's counsel dedicated fifty-three hours in Phase 3 to preparing and filing Plaintiff's <u>Motion for Default Judgment</u> [Doc. No. 46], Plaintiff's <u>Memorandum in Support of Plaintiff's Motion for Default Judgment</u> [Doc. No. 47], the <u>Declaration of Caroline Holliday in Support of Plaintiff's Motion for Default Judgment</u> [Doc. No. 48] and attached exhibits, and Plaintiff's <u>Supplemental Brief in Further Support of his Motion for Default Judgment</u> [Doc. No. 57]. Gross Supp. Decl. ¶¶ 5–6 [Doc. No. 71]. The court finds these amounts to be reasonable.

Finally, court finds the 64.7 hours spent conducting the two-day evidentiary hearing (Phase 5) and the 17.7 hours spent drafting and filing Plaintiff's post hearing submission (Phase 6) reasonable and grants Plaintiff's Motion as it applies to these two phases of the proceedings.

To summarize, the court approves Plaintiff's requested fee rates, applies a 50% reduction to the hours spent on Phases 1 and 4 of the litigation, and approves the hours submitted for Phases 2, 3, 5, and 6 of the litigation. Accordingly, the court awards fees as follow: Phase 1,

$54,879.70; Phase 2, $124,564.20; Phase 3, $32,333.40; Phase 4, $126,975.50; Phase 5, $39,805.80, Phase 6, $11,773,40; and Total, $390,332.00.

**II.    Costs**

Additionally, Plaintiff requests an award of costs, including expert fees. See 42 U.S.C. § 1988(b)–(c); M.G.L. c. 12, § 11I. Of the $6,462.13 requested as costs, $4,116.63 was for process servers who had to make multiple attempts to accomplish service by alternative means. See Gross Decl. ¶ 13 [Doc. No. 63]; Gross Decl. Ex. C, at 3–4 [Doc. No. 63-3] (costs associated with service of process). Another $1,943.50 was for an expert witness, Dr. Tina Adams, who testified in person at the evidentiary hearing on this matter. Gross Decl. Ex. C, at 2–3 [Doc. No. 63-3]. The remaining $402 was for the court filing fee. Id. at 4. The court finds Plaintiff is entitled to these costs.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs [Doc. No. 62] is GRANTED in part. Plaintiff is awarded $390,332.00 in reasonable attorneys' fees and $6,462.13 in costs.

IT IS SO ORDERED.

December 5, 2025                         /s/ Indira Talwani
                                         United States District Judge